UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JASON VEGA,<br><br>   Plaintiff<br><br>vs<br><br>UNITED STATES MARSHAL'S SERVICE,<br><br>   Defendant | No. 5:21-CV-01161 |

ORIGINAL COMPLAINT

COMES NOW Jason Vega, plaintiff, by and through the undersigned attorney and files this civil action against the United States Marshal's Service (USMS) for actual and compensatory damages for negligence. Plaintiff shows the Court as follows:

PARTIES

1. Plaintiff, Jason Vega, is an adult resident of San Antonio, Bexar County, Texas.

2. Defendant, United States Marshals Service, an agency of the United States of America , may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas, the Honorable Ashley C. Hoff, at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216 or by sending a copy of the same by registered or certified mail addressed to the Attorney General of the United States, Honorable Merrick B. Garland, United States Department of Justice   950 Pennsylvania Avenue NW, Washington, DC.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction of the Plaintiffs' claims against the United States pursuant to 28 U.S.C § 1346(b)(1)

4. Venue is proper in this judicial district as to the United States pursuant to 28 U.S.C § 1402(b).

5.  This suit is timely filed, as evidenced by the right to sue letter, attached hereto as Exhibit A.

## FACTS

6.  Claimant was a federal inmate at GEO Val Verde Detention Center in Del Rio, Texas on November 23, 2017. Claimant was given medicine that resulted in a priapism. When it lasted more than four (4) hours, claimant sought medical attention. Claimant's requests were denied, and the priapism lasted three (3) days, resulting in Claimant's complete impotence and psychological trauma.

## CAUSE OF ACTION

7.  All of the events which led up to Plaintiff's present condition occurred while he was in the custody of the USMS. As set forth on the USMS's home page:

- The duties of the U.S. Marshals Service include protecting the federal judiciary, apprehending federal fugitives, managing and selling seized assets acquired by criminals through illegal activities, housing and transporting federal prisoners and operating the Witness Security Program.

- The Marshals provide safe, secure and humane custody, housing, medical care and transportation for federal prisoners throughout the United States and its territories.

- The Marshals Service does not own or operate detention facilities but partners with state and local governments using intergovernmental agreements to house prisoners. Additionally, the agency houses prisoners in Federal Bureau of Prisons facilities and private detention facilities

8.  The USMS has entered into an intergovernmental agreement with Val Verde County, Texas for the "housing, safekeeping and subsistence" of federal prisoners. Under the Agreement, the County pays for "in house" medical treatment and the USM Service is responsible for all out of house medical expenses. Simply put, in patient medical costs are factored into the daily rate the County receives and outpatient medical costs are borne by the government.

9.  Plaintiff's injuries occurred while he was "housed" by the USMS, in "inhumane custody" at the GEO Val Verde Corrections facility in Del Rio, Val Verde County, Texas. Although the USMS contracts

with Val Verde County to house and provide in-house medical services, it reserves the right to inspect facilities for "compliance with the Agreement and to promote improvements to the conditions of confinement and levels of services. Specifically, the government retains the right to inspect to ensure that the jail is providing "24 hour, emergency medical care."

10. The USMS had an affirmative duty to ensure that Val Verde County was providing adequate medical treatment. The Eighth Amendment bars s "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97 (1976). This obligation extends pre-trial detainees under the 14th Amendment. Bell v. Wolfish, 441 U.S. 520 (1979).

11. The USMS had knowledge of the inadequate medical treatment furnished to federal detainees prior to Vega's injuries based on the multitude of incidents by federal detainees describing inadequate medical care.

12. The USM breached this duty to plaintiff as described in the claims set forth below.

CLAIM 1
Failure to Inspect

13. Plaintiff restates the allegations contained in paragraphs 6-9 of this Original Complaint and incorporates them herein, the same as if set forth at length verbatim in Claim 1. Vega alleges the government was negligent in failing to inspect the County or County Contractor's jail facilities for compliance with the intergovernmental agreement to ensure 24 hour medical care was always available at the GEO facility, a county contractor.

14. Plaintiff would respectfully show that he made numerous outcries requesting medical care to jailers that were ignored to his permanent detriment.

CLAIM 2
Failure to Administer Intergovernmental Compact

15. Plaintiff restates the allegations contained in paragraphs 6-9 of this Original Complaint and incorporates them herein, the same as if set forth at length verbatim in Claim 2. Vega alleges the government was negligent in failing to Administer the County's compliance with the intergovernmental

agreement by ensuring trained, medical personnel were available 24 hours/day at the GEO facility, a county contractor.

## CLAIM 3
### Failure to Administer Intergovernmental Compact

16. Plaintiff restates the allegations contained in paragraphs 6-9 of this Original Complaint and incorporates them herein, the same as if set forth at length verbatim in Claim 3. Vega alleges the government was negligent in failing to Administer the County's compliance with the intergovernmental agreement by failing to establish minimum threshold first aid protocols to ensure the County and/or its contractors was providing adequate medical treatment.

## CLAIM 4
### Failure to provide Adequate Medical Care – LVN's

17. Plaintiff restates the allegations contained in paragraphs 6-9 of this Original Complaint and incorporates them herein, the same as if set forth at length verbatim in Claim 4. Vega alleges on information and belief that the government was negligent in allowing the County/Jail to permit LVNs to make medical assessments without proper training or proper licensing,

## CLAIM 5
### Negligent Placement of PreTrial Detainee

18. Plaintiff restates the allegations contained in paragraphs 6-9 of this Original Complaint and incorporates them herein, the same as if set forth at length verbatim in Claim 5. Vega alleges that the USMS breached its duty to him to provide proper medical care by (a) housing him at the GEO Val Verde Detention Center, a facility which it knew provided inadequate medical care; (b) failing to ensure that GEO Val Verde Detention facility provided adequate medica care to pretrial detainees; (c) failing to ensure that guards at the GEO facility were not indifferent to the medical needs of pretrial detainees; (d) failing to ensure that guards and medical personnel at the GEO Val Verde Detention Center were adequately trained to recognize and/or treat medical injuries; (3) failing to ensure that the GEO facility was adequately staffed with qualified, medical personnel.  Each of these failures resulted in Plaintiff's injuries.

19. As a direct, forseeable and proximate result of each of the negligent acts and omissions of the USMS, Plaintiff has sustained injuries and damages as follows:

a. the permanent impotence

b. Past mental pain and suffering and/or anxiety

c. Hedonic damages or impairment of the ability to enjoy life

d. Actual and compensatory damages

e. Prejudgment interest

f. Mental Anguish

g. Loss of consortium

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a trial by judge as to the Defendant United States. Plaintiff request judgement against all Defendant, in an amount in excess of the jurisdictional limits of this Court together with interest and costs of this proceeding.

Respectfully submitted,

/s/ Jack R. Stern
SBN 19175640
P.O. Box 4359
Del Rio, Texas 78841
Tel:   830.774.2920
Fax:  888.236.2839

Attorney for Plaintiff,
JASON VEGA